JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices Of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile:  (415) 956-1664
E-Mail:     klo-jmk@pacbell.net

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLOS EFRAIN LOPEX,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EMILIO T. GONZALEZ,<br>Director, United States Citizenship and Immigration Services,<br><br>　　　　Defendant.<br>_____/ | Case No. C 07-3300 SI<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |

## I. NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION

Notice is hereby given that on August 10, 2007 at 9:00 a.m. or as soon thereafter as the matter can be heard in the Courtroom of the Honorable Susan Illston, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 10, plaintiff will move the Court for a preliminary injunction requiring defendant to comply with 8 C.F.R. §274a.12(a)(5) and issue plaintiff an employment authorization document (EAD).

This motion will be based upon this notice of motion, the following memorandum of points and authorities, as well as all other pleadings on file herein, and on such further discussion and argument as the Court may hear on the matter.

1

## II. FACTS

Plaintiff is a citizen and national of Guatemala who was granted asylum in the United States on September 28, 1998, in accordance with 8 U.S.C. §1158(b)(3)(A) and pursuant to an asylee relative petition filed on plaintiff's behalf by his mother, Dora A. Lopez. *See*, attached Exhibit A.

On November 28, 2002 plaintiff entered the United States illegally without inspection by an immigration officer. 8 C.F.R. §274a.12(a)(5) accords employment authorization to an alien granted asylum pursuant to 8 U.S.C. §1158(b)(3)(A), and requires the USCIS to issue an EAD to evidence employment authorization. Plaintiff applied for an EAD and on June 28, 2006 defendant issued plaintiff an EAD in accordance with 8 C.F.R. §274a.12(a)(5). *See*, attached Exhibit B.

On March 12, 2007 plaintiff applied for a renewal of his EAD. *See*, attached Exhibit C.

On May 17, 2007 the USCIS served plaintiff with written notice that to obtain another EAD he must have made a lawful entry into the United States as an asylee and been issued a Form I-94. The USCIS informed plaintiff that unless he submitted evidence of a lawful entry to the United States his application for an EAD would be denied. *See*, attached Exhibit D.

Plaintiff has brought this action to compel the USCIS to issue him an EAD. Plaintiff asserts that his illegal entry to the United States does not render him ineligible for an EAD, and that 8 C.F.R. §274a.12(a)(5) requires that the USCIS issue plaintiff an EAD until such time as plaintiff's asylee status has been terminated or abandoned.

## III. STATUTORY AUTHORITY

28 U.S.C. §1331 vests the Court with subject matter jurisdiction over plaintiff's complaint. 28 U.S.C. §1361 provides that district courts have original jurisdiction of any action in the nature of mandamus to compel an agency to perform a duty owed to a plaintiff. 5 U.S.C.§706(1) vests the court with the authority to compel agency action unlawfully withheld or unreasonably delayed.

## IV. PLAINTIFF HAS EXHAUSTED HIS ADMINISTRATIVE REMEDIES

There is no provision made for administrative review of the USCIS' alleged unlawful activity. Plaintiff has exhausted his administrative remedies.

## V. ASYLUM AND EMPLOYMENT AUTHORIZATION

In enacting the Refugee Act of 1980, Pub.L. 96-212, 94 Stat. 102 (3/17/80), Congress amended the Immigration and Nationality Act to provide uniform procedures for the admission of refugees and their immediate families members to the United States. 8 U.S.C. §1158.

8 U.S.C. §1158(b)(1)(A) vests the Secretary of Homeland Security with discretion to grant an alien asylum in the United States. To be eligible an alien must meet the definition of a "refugee", as defined in 8 U.S.C.§ 1101(a)(42)(A). A refugee is an alien unwilling or unable to return to his country due to persecution or a well-founded fear of persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *Id*.

8 U.S.C.§1158(b)(3)(A) directs that the child of an alien granted asylum, if otherwise ineligible for asylum, may be granted asylum if following to join the alien in the United States.

To accord derivative following to join benefits to a family member residing outside of the United States, an asylee is required to file a petition on a Form I-730 with the USCIS in accordance with 8 C.F.R. §208.21(d).

Pursuant to 8 C.F.R. §274a.12(a)(5), an alien granted asylum, whether as a principal or a derivative, is authorized to be employed in the United States for the period of time the alien maintains that status, and the USCIS is required to issue an EAD to an asylee to evidence employment authorization.

## VI. DEFENDANT HAS FAILED TO DISCHARGE HIS DUTY

28 U.S.C. §1361 vests the Court with discretion to grant mandamus relief if (1) plaintiff's claim is clear and certain; (2) the duty of the INS is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Fallini v Hodel*, 783 1343, 1345 (9th Cir.1985).

Mandamus relief is appropriate in plaintiff's case. Plaintiff's claim is clear and certain and the USCIS' duty to issue plaintiff an EAD so plainly prescribed as to be free from doubt.

Plaintiff has been granted asylum. The grant is effective indefinitely. 8 C..F.R. §208.21(g).

1  Plaintiff's asylee status entitles him to work in the United States. 8 C.F.R. §27a.12(a)(5) requires
2  that the USCIS issue plaintiff an EAD to evidence his employment authorization.

3        The USCIS' requirement that plaintiff have made a legal entry to the United States in order
4  to be eligible for an EAD is arbitrary because the agency previously issued plaintiff an EAD. It
5  conflicts with the plain language of 8 C.F.R. §274a.12(a)(5) because the regulation does not restrict
6  issuance of an EAD to an asylee who has made a legal entry to the United States. The regulation
7  makes no mention of the manner of an asylee's entry to the United States. It requires only that an
8  alien be granted asylum. As the USCIS admits, plaintiff's application for an EAD included evidence
9  that he had been granted asylum. *See*, Complaint, Exhibit D.

10  **VII. IRREPARABLE INJURY AND THE NEED FOR INJUNCTIVE RELIEF**

11        In the Ninth Circuit the tests for determining the propriety of issuing a preliminary injunction
12  are whether the moving party has demonstrated either a combination of probable success on the
13  merits and the possibility of irreparable injury, or that serious questions are raised and the balance
14  of hardships tips sharply in the moving party's favor. *Martin v Int'l Olympic Comm.*, 740 F.2d 670,
15  674-675 (9th Cir. 1984).

16        Plaintiff's probability of success is substantial. The record does not support the USCIS's legal
17  findings. Plaintiff has been granted asylum. He status allows him to be employed in the United
18  States. The USCIS' own regulation compel it to issue plaintiff an EAD to evidence his employment
19  authorization.

20        Furthermore, unless enjoined to renew plaintiff's employment authorization document,
21  plaintiff will sustain irreparable injury. "[T]he impact of the denial of the opportunity to obtain
22  gainful employment is plainly sufficient to mandate constitutionally fair procedures." *McNary v*
23  *Haitian Refugee Center, Inc. et al.*, 498 U.S. 479, 491 (1991). "An unreasonable denial of Plaintiff's
24  work authorization, which would prevent Plaintiff from working to support [himself] pending
25  resolution of [his] claim for asylum, would cause Plaintiff substantial and potentially irreparable
26  harm." *Grijalva v Ilchert*, 815 F.Supp. 328, 331 (N.D.Cal. 1993).

The USCIS' May 17, 2007 evidence request demonstrates that the USCIS' delay in the issuance of an EAD is arbitrary and the result of the agency's legal error. Thus, judicial intervention is required to compel the agency to correct its error, and to ensure that plaintiff is not unlawfully denied a renewal of his EAD again.

## VIII. CONCLUSION

Based upon the foregoing it is respectfully submitted that the motion for a preliminary injunction should be granted and the USCIS enjoined to issue plaintiff an EAD.

Dated: June 27, 2007

Respectfully submitted,

_____
JONATHAN M. KAUFMAN
Attorney for Plaintiff