JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices Of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile:  (415) 956-1664
E-Mail:     klo-jmk@pacbell.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CARLOS EFRAIN LOPEZ, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>EMILIO T. GONZALEZ,<br>Director, United States Citizenship and Immigration Services,<br><br>    Defendant.<br>_____/ | Case No. C 07-3300 SI<br><br>PLAINTIFF NESTOR GERARDO AYALA'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |

**I. NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

Notice is hereby given that on September 7, 2007 at 9:00 a.m. or as soon thereafter as the matter can be heard in the Courtroom of the Honorable Susan Illston, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 10, plaintiff Nestor Gerardo Ayala will move the Court for a preliminary injunction requiring defendant to comply with 8 C.F.R. §274a.12(a)(5) and issue plaintiff an  employment authorization document (EAD).

This motion will be based upon this notice of motion, the following memorandum of points and authorities, as well as all other pleadings on file herein, and on such further discussion and argument as the Court may hear on the matter.

## II. FACTS

Plaintiff is a citizen and national of El Salvador who entered the United States illegally without inspection by an immigration officer. On June 21, 2000 he was granted asylum in the United States in accordance with 8 U.S.C. §1158(b)(3)(A), pursuant to an asylee relative petition filed on plaintiff's behalf by his father, Jose Pascual Ayala Carballo. *See*, Complaint Exhibit B.

Plaintiff applied for an EAD and on August 2, 2002 defendant issued plaintiff an EAD in accordance with 8 C.F.R. §274a.12(a)(5). *See*, Complaint Exhibit D.

On February 2, 2007 plaintiff applied for a renewal of his EAD. *See*, Complaint Exhibit G.

On March 30, 2007 defendant served plaintiff with written notice that to obtain an employment authorization document he must have made a lawful entry into the United States, and that to be issued an EAD he needed to submit a copy of a form I-94 issued to him upon his arrival in the United States, or pages from a passport establishing his admission into the United States. *See*, Complaint Exhibit H.

Plaintiff has brought this action to compel the USCIS to issue him an EAD. Plaintiff asserts that his illegal entry to the United States does not render him ineligible for an EAD, and that 8 C.F.R. §274a.12(a)(5) requires that the USCIS issue plaintiff an EAD until such time as plaintiff's asylee status has been terminated or abandoned.

## III. STATUTORY AUTHORITY

28 U.S.C. §1331 vests the Court with subject matter jurisdiction over plaintiffs' complaint. 28 U.S.C. §1361 provides that district courts have original jurisdiction of any action in the nature of mandamus to compel an agency to perform a duty owed to a plaintiff. 5 U.S.C.§706(1) vests the court with the authority to compel agency action unlawfully withheld or unreasonably delayed.

## IV. PLAINTIFFS HAVE EXHAUSTED THEIR ADMINISTRATIVE REMEDIES

There is no provision made for administrative review of the USCIS' alleged unlawful activity. Plaintiffs have exhausted their administrative remedies.

## V. ASYLUM AND EMPLOYMENT AUTHORIZATION

In enacting the Refugee Act of 1980, Pub.L. 96-212, 94 Stat. 102 (3/17/80), Congress amended the Immigration and Nationality Act to provide uniform procedures for the admission of refugees and their immediate families members to the United States. 8 U.S.C. §1158.

8 U.S.C. §1158(b)(1)(A) vests the Secretary of Homeland Security with discretion to grant an alien asylum in the United States. To be eligible an alien must meet the definition of a "refugee", as defined in 8 U.S.C.§ 1101(a)(42)(A). A refugee is an alien unwilling or unable to return to his country due to persecution or a well-founded fear of persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. *Id*.

8 U.S.C.§1158(b)(3)(A) directs that the child of an alien granted asylum, if otherwise ineligible for asylum, may be granted asylum if following to join the alien in the United States.

To accord derivative following to join benefits to a family member residing outside of the United States, an asylee is required to file a petition on a Form I-730 with the USCIS in accordance with 8 C.F.R. §208.21(d).

Pursuant to 8 C.F.R. §274a.12(a)(5), an alien granted asylum, whether as a principal or a derivative, is authorized to be employed in the United States for the period of time the alien maintains that status, and the USCIS is required to issue an EAD to an asylee to evidence employment authorization.

## VI. THE USCIS HAS FAILED TO DISCHARGE ITS DUTY

28 U.S.C. §1361 vests the Court with discretion to grant mandamus relief if (1) plaintiffs' claim is clear and certain; (2) the duty of the USCIS is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Fallini v Hodel*, 783 1343, 1345 (9th Cir.1985).

Mandamus relief is appropriate in plaintiff's case. Plaintiff's claim is clear and certain and the USCIS' duty to issue plaintiff an EAD so plainly prescribed as to be free from doubt.

Plaintiff has been granted asylum. The grant is effective indefinitely. 8 C..F.R. §208.21(g).

1  Plaintiff's asylee status entitles him to work in the United States. 8 C.F.R. §27a.12(a)(5) requires
2  that the USCIS issue plaintiff an EAD to evidence his employment authorization.

3      The USCIS' requirement that plaintiff have made a legal entry to the United States in order
4  to be eligible for an EAD is arbitrary because the agency previously issued plaintiff an EAD. It
5  conflicts with the plain language of 8 C.F.R. §274a.12(a)(5) because the regulation does not restrict
6  issuance of an EAD to an asylee who has made a legal entry to the United States. The regulation
7  makes no mention of the manner of an asylee's entry to the United States. It requires only that an
8  alien be granted asylum. As the USCIS records establish, plaintiff has been granted asylum.

9  **VII. IRREPARABLE INJURY AND THE NEED FOR INJUNCTIVE RELIEF**

10      In the Ninth Circuit the tests for determining the propriety of issuing a preliminary injunction
11  are whether the moving party has demonstrated either a combination of probable success on the
12  merits and the possibility of irreparable injury, or that serious questions are raised and the balance
13  of hardships tips sharply in the moving party's favor. *Martin v Int'l Olympic Comm.*, 740 F.2d 670,
14  674-675 (9th Cir. 1984).

15      Plaintiff's probability of success is substantial. The record does not support the USCIS's legal
16  findings. Plaintiff has been granted asylum. His status allows them to be employed in the United
17  States. The USCIS' own regulation compel it to issue plaintiff and EAD to evidence his
18  employment authorization.

19      Furthermore, unless enjoined to renew plaintiff's EAD, plaintiff will sustain irreparable injury.
20  "[T]he impact of the denial of the opportunity to obtain gainful employment is plainly sufficient to
21  mandate constitutionally fair procedures." *McNary v Haitian Refugee Center, Inc. et al.*, 498 U.S.
22  479, 491 (1991). "An unreasonable denial of Plaintiff's work authorization, which would prevent
23  Plaintiff from working to support [himself] pending resolution of [his] claim for asylum, would
24  cause Plaintiff substantial and potentially irreparable harm." *Grijalva v Ilchert*, 815 F.Supp. 328, 331
25  (N.D.Cal. 1993).

26      The USCIS' evidence requests demonstrates that the USCIS' delay in the issuance of an EAD
27
28      4

is arbitrary and the result of the agency's legal error. Thus, judicial intervention is required to compel the agency to correct its error, and to ensure that plaintiff is not unlawfully denied a renewal of his EAD again.

## VIII. CONCLUSION

Based upon the foregoing it is respectfully submitted that the motion for a preliminary injunction should be granted and the USCIS enjoined to issue plaintiff an EAD in accordance with 8 C.F.R. §274a.12(a)(5).

Dated: July 11, 2007

Respectfully submitted,

_____
JONATHAN M. KAUFMAN
Attorney for Plaintiffs